IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Marion Lewandowski, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 964 |
| National Asset Recovery Services, Inc., a Missouri corporation, and JPMorgan Chase Bank, N.A., | ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Marion Lewandowski, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and were an act of consumer fraud, and to recover damages for Defendants' violations of the law, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331, over the FDCPA claim, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the consumer fraud claim.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) both Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Marion Lewandowski ("Lewandowski"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that was allegedly owed for a delinquent mortgage, despite the fact that she no longer owed

the debt because her home had been foreclosed upon and no persona judgment had been entered against her.

.	4.	Defendant, National Asset Recovery Services, Inc. ("NARS"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant NARS operates a nationwide collection firm that sends collection letters to virtually every State, including to thousands of consumers in the State of Illinois. In fact, Defendant NARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.	Defendant JPMorgan Chase Bank USA, N.A. ("Chase"), is a national banking association that has operations and offices throughout Illinois, as well as nationwide.

6.	Defendant NARS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NARS conducts business in Illinois.

7.	Defendant NARS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant NARS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8.	Defendant Chase filed sued against Ms. Lewandowski on the note for her home and foreclosed on the mortgage in an action styled, JPMorgan Chase v. Lewandowski, No. 2007-CH-13485 (Circuit Court of Cook County, Illinois)(the "State

Court Lawsuit"). When her home was sold as a result of that court action, there was a deficiency of $54,799, however, no personal liability was sought for that amount. Instead, the deficiency was explicitly limited to being "IN REM" only, as set forth in an Order in the State Court Lawsuit, dated March 28, 2008. A copy of this Court Order is attached as Exhibit C.

9. Thus, when Defendant Chase demanded, in 2010, through a debt collector, Tate & Kirlin, that Ms. Lewandowski pay it money allegedly owed on the note, she was forced to hire an attorney to respond to Chase's wrongful collection action. Accordingly, on May 20, 2010, Ms. Lewandowski's attorney notified Chase, in writing, that its collection actions were improper and enclosed a copy of the Order in the State Court Lawsuit. Copies of this letter and facsimile confirmations are attached as Group Exhibit D.

10. Undeterred and unbelievably, Defendant Chase then sent Ms. Lewandowski a collection letter, dated August 17, 2011, demanding that Ms. Lewandowski pay it money for what it asserted to be a $169,938 debt -- despite the fact that Ms. Lewandowski was no longer personally liable on the debt and that the deficiency had been only $54,799 – and was not owed by Ms. Lewandowski. See, letter from Chase to Ms. Lewandowski attached as Exhibit E.

11. Ms. Lewandowski was again forced to hire an attorney to respond to Chase's wrongful collection actions. On September 26, 2011, Ms. Lewandowski's attorney notified Chase yet again that its collection actions were improper and enclosed a copy of the Order in the State Court Lawsuit. Copies of this letter and certified mailing receipts are attached as Group Exhibit F.

3

12.     Undaunted by the facts, the law or the two prior notices that its collection actions were wrongful, Defendant Chase then had Defendant NARS send Ms. Lewandowski a collection letter, dated October 12, 2011, demanding payment of an alleged $169,938 debt.  A copy of this collection letter is attached as Exhibit G.

13.     The collection actions complained of herein (Exhibits E and G) occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letters from Ms. Lewandowski's attorney told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

4

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or should have known, that Ms. Lewandowski was represented by counsel in connection with her debts because her attorney had informed Defendants, in writing (Exhibits D and F), that she was represented by counsel, and had directed Defendants to cease directly communicating with her. By directly contacting Ms. Lewandowski, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

25. Demanding payment of a debt that is no longer directly owed, due to it having been resolved in the State Court Lawsuit, and demanding payment of $169,938 when the in rem deficiency was only $54,799, are false, deceptive or misleading means to collect a debt, in violation of § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

26. Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2

27. Plaintiff adopts and realleges ¶¶ 1-14.

28. The Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") prohibits a person from making false or misleading misrepresentations or omissions. The CFA also prohibits unfair business practices.

29. Defendant Chase falsely and repeatedly claimed that Plaintiff owed it money and Defendant NARS repeated and perpetuated this claim -- wrongfully subjecting Plaintiff to collection action and forcing her to hire an attorney.

30. Defendants' collection actions are oppressive and against public policy.

31. Defendants are liable for Plaintiff's attorneys' fees incurred in defending their collection actions and for the emotional distress their actions have inflicted upon her.

32. Defendants are liable for attorneys' fees and costs under the CFA.

33. Defendants' intentional and reckless conduct also renders them liable for

6

actual and punitive damages.

## PRAYER FOR RELIEF

Plaintiff, Marion Lewandowski, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA and were an act of consumer fraud;

2. Enter judgment in favor of Plaintiff Lewandowski, and against Defendants for actual, statutory and punitive damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marion Lewandowski, demands trial by jury.

                          Marion Lewandowski,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated: February 10, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com